UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAMON W. SADLER,

    Plaintiff,

v.                                                    CASE NO. 3:21-cv-883-TJC-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.  In a decision dated December 22, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 21, 2019, the alleged disability onset date, through the date of decision.  (Tr. 19–29.)  Having considered the parties' memoranda and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

I. **Issues on Appeal**

Plaintiff makes the following arguments on appeal:

A. The Appeals Council reversibly erred by denying Plaintiff's request for review.

B. The Appeals Council reversibly erred by refusing to exhibit Plaintiff's additional evidence and by failing to show that it adequately evaluated the new evidence under the proper legal standard.

C. By failing to follow the procedures set forth in the Hearings, Appeals and Litigation Law Manuel [sic], the ALJ abused his discretion and deprived Plaintiff of due process.

D. The ALJ failed to incorporate all of Plaintiff's limitations into the hypothetical questions and failed to resolve conflicts between VE testimony and the DOT in accordance with SSR 00-04p.

(Doc. 18 at 2.) The undersigned recommends that Plaintiff's first argument has merit. The undersigned further recommends that the Court need not address Plaintiff's remaining arguments since the Commissioner's reasoning may change on remand.

II. **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

2

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III. The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "spinal disorder; lumbar radiculopathy." (Tr. 21.)[1] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 22.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: a sit/stand option (may sit or stand at his option to perform the work assigned); avoid ladders or unprotected heights; avoid operation of heavy moving machinery; occasionally bend, crouch, kneel, stoop; avoid squatting or crawling; avoid push pull of arm controls; avoid the operation of foot controls.

(Tr. 22.)

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 27.) At step five, the ALJ found that considering Plaintiff's age (thirty-seven years old on the alleged disability onset date), education, work experience, and RFC, jobs existed in significant numbers in the national economy

---

[1] The sequential evaluation process is described in the ALJ's decision. (Tr. 20–21.)

3

that Plaintiff could perform. (Tr. 28–29.) Therefore, Plaintiff was not disabled. (Tr. 29.)

### IV. Analysis

Plaintiff argues that the Appeals Council erred in denying his request for review. In denying Plaintiff's request for review, the Appeals Council stated:

> You submitted a Medical Source Statement of Ability to Do Work-Related Activities (Physical) ["MSS"] completed by Bradley Tran M.D., dated December 17, 2020, (7 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

(Tr. 2.)

First, it is unclear whether the Appeals Council considered Dr. Tran's MSS. Although the Appeals Council stated that it did not "exhibit this evidence," it did not explicitly state whether it considered it. *Cf. Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015) (in which the Appeals Council explicitly stated that it did not consider certain evidence); *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 781–82 (11th Cir. 2014) (in which the Appeals Council explicitly stated that it considered the new evidence); *Pupo v. Comm'r of Soc. Sec.*, 17 F.4th 1054, 1060 (11th Cir. 2021) (in which the Appeals Council stated "[w]e did not consider or exhibit this evidence."). Moreover, the Commissioner's brief does not explain why the Appeals Council did not exhibit the new evidence. (*See* Doc. 24.)

Whether or not the Appeals Council considered the new evidence is important because different standards of review apply. If the Appeals Council

considered the new evidence, then the Court must determine whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1266 (11th Cir. 2007). If the Appeals Council did not consider the new evidence, then the Court must determine, as a question of law on *de novo* review, whether the new evidence "meets the new, material, and chronologically relevant standard." *Washington*, 806 F.3d at 1321. New evidence is material if "'there is a reasonable probability that the additional evidence would change the outcome of the [administrative] decision.'" *Pupo*, 17 F.4th at 1063 (quoting 20 C.F.R. § 416.1470(a)(5)).

Because the Appeals Council's decision is unclear, it does not allow for meaningful review. (*See* Tr. 2.) Reversal and remand can be recommended on that basis alone. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[2] Nevertheless, the Commissioner maintains that the Appeals Council did consider the new evidence. (Doc. 24 at 17–20.) However, even making that assumption, the undersigned still recommends reversal and remand.

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a). The undersigned finds persuasive the unpublished decision cited herein.

Assuming the Appeals Council considered Dr. Tran's MSS, the Court must determine whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole.  *See Ingram*, 496 F.3d at 1266.  The "record as a whole" consists of the evidence submitted both to the ALJ and the Appeals Council.  *See id.* at 1266–67.  Thus, the question presented is whether the new evidence submitted to the Appeals Council rendered the Commissioner's denial of benefits erroneous.  *Id.* at 1262; *see also Mitchell*, 771 F.3d at 785 (holding that new evidence "submitted to the Appeals Council did not render the Commissioner's denial of benefits erroneous") (citing *Ingram*, 496 F.3d at 1262).  The denial of benefits would be erroneous if the new evidence "undermined the substantial evidence supporting the ALJ's decision."  *Mitchell*, 771 F.3d at 785.

The undersigned recommends that Dr. Tran's opinions did undermine the substantial evidence supporting the ALJ's decision, at least without any analysis by the ALJ of the persuasiveness of those opinions.  Dr. Tran was Plaintiff's treating pain management doctor from August 21, 2018 up through at least the date of the MSS, December 17, 2020. (Tr. 924–29.)  The record before the ALJ did not contain a medical source statement from Dr. Tran, or any other treating physician, regarding Plaintiff's restrictions.  Moreover, it is arguable that Dr. Tran's opinions were supported by, and consistent with, objective and other medical evidence in the case.  *See* 20 C.F.R. § 404.1520c(b)(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions

6

. . . .") For example, as the ALJ noted, Plaintiff had a "history of L3-4 lumbar fusion surgery with residual back pain, L4-5 degenerative disc disease, and . . . chronic lumbar radiculopathy and polyneuropathy on EMG testing." (Tr. 26.) Plaintiff was treated with narcotics, a lumbar back brace, epidural steroid injections, and physical therapy. (Tr. 22–27.) In addition, there had been discussion of a spinal cord stimulator. (Tr. 26.)

Although the ALJ concluded that a limitation to light exertional work activity fully accounted for Plaintiff's impairments, Dr. Tran's MSS was significantly more restrictive. (*See id*.) For example, Dr. Tran limited Plaintiff to occasional lifting and carrying of up to 10 pounds, and only 2 hours of sitting, 1 hour of standing, and 30 minutes of walking in an 8-hour workday. (Tr. 924–25.) Given Dr. Tran's long-time treatment of Plaintiff, the absence of any other treating physician opinion, and the arguable consistency and supportability of Dr. Tran's opinions with the other evidence, including objective medical evidence, the undersigned recommends that the new evidence undermined the ALJ's decision, at least without further explanation by the ALJ.

Although the undersigned is recommending reversal, it is possible that the ALJ, on remand, may find Dr. Tran's opinions not persuasive, and provide a sufficient explanation. Thus, this recommendation should not be read as an endorsement of any particular outcome on remand. Nevertheless, the undersigned recommends that, without an adequate analysis by the ALJ of Dr. Tran's opinions, the Commissioner's decision is not supported by substantial

evidence. Further, as previously explained, the Commissioner's decision does not allow for meaningful review. Therefore, reversal and remand for further proceedings is recommended.

### IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.   The Clerk of Court is **DIRECTED** to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) consider the persuasiveness of the opinions of Dr. Tran in accordance with the applicable regulations, including explaining how the supportability and consistency factors apply; (b) reconsider Plaintiff's RFC if appropriate; and (c) conduct any further proceedings deemed appropriate.

2.   The Clerk of Court is further **DIRECTED** to close the file.

3.   If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within sixty days of the date on the agency's letter stating the amount of past due benefits.  *See In re Admin. Orders of the C.J.*, No. 3:21-mc-1-TJC, Doc. 43 (M.D. Fla. Dec. 7, 2021).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**Notice to Parties**

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida on September 2, 2022.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

Counsel of Record